IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

FLAGSHIP INTERVAL OWNER'S
ASSOCIATION, INC.,

        Plaintiff,

   v.

PHILADELPHIA FURNITURE MFG.
CO., PHILADELPHIA FURNITURE,
L.L.C., PHILADELPHIA
FURNITURE COMPANY, and ARTONE
MFG. CO., INC.,

        Defendants.

---

HONORABLE JEROME B. SIMANDLE

CIVIL NO. 09-1173 (JBS/JS)


**OPINION**

APPEARANCES:

Samuel J. McNulty, Esq.
Edward J. Turro, Esq.
HUESTON MCNULTY, P.C.
256 Columbia Turnpike, Suite 207
Florham Park, NJ 07932
    Attorneys for Plaintiff Flagship Interval Owner's
    Association, Inc.

Bernard Schenkler, Esq.
William F. Savino, Esq.
DAMON & MOREY L.L.P.
200 Delaware Avenue, Suite 1200
Buffalo, NY 14202
    Attorneys for Defendant Artone Manufacturing Co., Inc.

**SIMANDLE**, District Judge:

# I.   INTRODUCTION

This matter comes before the Court on the motion by

Defendant Artone Manufacturing Co., Inc., to dismiss the

complaint of Plaintiff, Flagship Interval Owners Association,

Inc., for lack of personal jurisdiction, Fed. R. Civ. P.
12(b)(2), and for failure to state a claim upon which relief can
be granted, Fed. R. Civ. P. 12(b)(6).  For the reasons explained
below, the Court finds that Plaintiff has made a prima facie
showing of personal jurisdiction over Defendant Artone
Manufacturing Co., Inc., but that Plaintiff has failed to state a
claim against Defendant Artone for which relief may be granted.
Accordingly, the Court will deny Defendant Artone's motion to
dismiss for lack of personal jurisdiction, but grant Defendant
Artone's motion to dismiss for failure to state a claim and
dismiss Plaintiff's claims against Artone without prejudice to
Plaintiff's opportunity to seek a curative amendment of the
complaint against Artone.

## II.  BACKGROUND

Plaintiff, Flagship Interval Owner's Association, Inc.
("Flagship"), is a nonprofit corporation created and existing
under the laws of the State of New Jersey, located at 4252
Harbour Beach Blvd., Brigantine, New Jersey.  The Association was
formed for the management and maintenance of the multi-storied
condominium property, Flagship Resorts, also known as "Fanta Sea
Resorts," located near Atlantic City, New Jersey.  (Compl. ¶¶ 7-

8.[1])  As a part of a renovation project, Flagship negotiated with
Philadelphia Furniture Manufacturing Co. ("Philadelphia
Furniture"), a New York-based corporation, and agreed to purchase
numerous pieces of furniture to equip about thirty-four rooms
being renovated.  On November 19, 2008, Flagship transmitted a
purchase order to Philadelphia Furniture, specifying the
descriptions and the prices of each piece of furniture, and
setting the delivery date to February 6, 2009.  The total amount
of the furniture ordered was $158,891.79.  Accepting the purchase
order, on December 1, 2008, Philadelphia Furniture sent an
invoice to Flagship requesting $74,248.50 to be paid as "50%
deposit," which Flagship paid on December 8.  (Compl. Ex. A.)

Early in February 2009, Fran Selesky, a representative of
both Philadelphia Furniture and Defendant Artone Manufacturing
Company ("Artone"), telephoned Monika Stewart, an employee of
Flagship who handled the ordering and purchasing of furniture for
the renovation project, to inform Plaintiff that Philadelphia
Furniture was going out of business and would not be able to
fulfill the order from Flagship.  Mr. Selesky further advised

---

[1] The paragraphs of Plaintiff's complaint are misnumbered,
so that the paragraphs that should be numbered 9 and 10 are
numbered 7 and 8, making two sets of paragraphs numbered 7 and 8.
The relevant paragraphs are at page three of Plaintiff's
complaint.

that Flagship should contact the principal owners of Philadelphia Furniture, Michael Calimieri[2] and Joe Caprino, to discuss the issue relating to the deposit money previously sent to Philadelphia Furniture.  (Cert. of Monika Stewart.) Following this telephone call, Flagship and the owners of Philadelphia Furniture, Michael Calimieri and Joseph Caprino, exchanged some communications.  In the course of the communications, Calimieri and Caprino declined to refund the deposit money which Flagship paid to Philadelphia Furniture. Instead, they confirmed that they also owned another furniture manufacturer, Artone, and offered to fulfill the order at the best price.  Subsequently, on February 6, 2009, Calimieri, now evidently on behalf of Defendant Artone, emailed a price quote to Frank Soltys, a Flagship employee.  The price quote did not include all the items Flagship sought to purchase from Philadelphia Furniture.  Calimieri offered to sell only certain furniture pieces at a little lower than the price originally quoted by Philadelphia Furniture.  Under the terms of the quote, Flagship was required to make a 50% deposit.  (Cert. of Frank Slotys Ex. A.)  Artone gave no credit for the deposit Flagship

---

[2] Flagship spells the name of Artone's president as "Calimeri."  The Court adopts the spelling used in briefs submitted by Artone.

had remitted to Philadelphia Furniture for those items.

Flagship evidently rejected the price quote from Artone, and on February 13, 2009, it was notified[3] of Philadelphia Furniture's inability to manufacture and deliver the furniture as agreed in November, 2008.  (Compl. ¶ 10.)  A few days later, Flagship's attorney sent a letter to Philadelphia Furniture and Michael Calimieri demanding the return of the security deposit money.  (Compl. Exh. B.)  When the demand was unheeded, on March 20, 2009, Flagship brought this action naming Philadelphia Furniture and four other entities as defendants, including Artone.[4]  Plaintiff asserts breach of contract and conversion. Plaintiff seeks compensatory, incidental and consequential damages and costs, as well as the imposition of a constructive trust for the amount of the security deposit against Defendants. (Compl. at 5-7.)

Artone filed the present motion to dismiss for lack of jurisdiction and for failure to state a claim, along with a brief in support of the motion and a declaration of Michael Calimieri,

---

[3] The present record do not show who or which entity notified Flagship.

[4] Plaintiff also names in the complaint Philadelphia Furniture, LLC, and Philadelphia Furniture Company, both located at 100 Rochester Street, Salamanca, New York, and ABC Corp., a fictitious entity.

the president of Artone.  In its motion, Artone states that it is a corporation organized and existing under the laws of the State of New York.  Its principal office is located at 107 Institute Street, Jamestown, New York.  Artone's brief also reveals the relationship of Philadelphia Furniture and Artone.  According to Artone's brief and Michael Calimieri's declaration, a separate entity, Artone Holdings, LLC, owns both Artone Manufacturing Co., Inc. and Philadelphia Furniture, LLC.  Artone's president, Michael Calimieri, and its officer, Joseph Caprino, are both members of Artone Holdings, LLC.  Michael Calimieri also attests that Artone does not maintain any office, own any property, have any agent in New Jersey, or derive any revenue from New Jersey, and that none of Artone's employees or officers lives in New Jersey.  (Decl. of Michael Calimieri at 2-3.)

Plaintiff filed a brief in opposition to Artone's motion and submitted certifications of Frank Soltys and Monika Stewart, both employees of Flagship.  According to these certifications, an Artone employee Bob Nordin telephoned Monika Stewart on April 1, 2009, informing Ms. Stewart that there was an open invoice in the amount of $1,793.50 for furniture items Flagship had purchased earlier from Philadelphia Furniture, and demanding payments for the balance.  Mr. Nordin also stated to Ms. Stewart that "he was directed by the owners of Artone Manufacturing and Philadelphia

6

Furniture to reach out to all of Philadelphia Furniture's customers with open invoices in an effort to collect those receivables."  (Cert. of Monika Stewart at 2.)  Artone's reply brief has also been considered.

## III. STANDARD OF REVIEW

### A.   Motion to Dismiss for Lack of Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)(citing Gehling v. St. George's Sch. of Med., Ltd., 773 F.2d 539, 542 (3d Cir. 1985)); Mellon Bank (East) PSFS Nat'l Ass'n v. Ferino, 960 F.2d 1217, 1223 (3d Cir. 1992).  In evaluating a motion to dismiss pursuant to Rule 12(b)(2), "courts must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Machulsky v. Hall, 210 F. Supp. 2d 531, 531 (D.N.J. 2002) (quoting Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 (3d Cir. 1992)).  In the absence of an evidentiary hearing, the plaintiff "need only establish a prima facie case of personal jurisdiction." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 329 (3d Cir. 2009).  If facts remain in dispute, the Court must order jurisdictional

discovery and hold an evidentiary hearing to determine whether the Court may exercise personal jurisdiction over the defendant. Id. at 336.

### B.   Motion to Dismiss for Failure to State a Claim

In its review of Defendant Artone's motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ---U.S. ---, 129 S. Ct. 1937, 1949 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citation omitted).

8

## IV.  Discussion

### A.    Analytical Framework of Personal Jurisdiction

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Provident Nat'l Bank, 819 F.2d at 436; see Fed. R. Civ. P. 4(e).  The New Jersey long-arm statute permits the exercise of personal jurisdiction over a nonresident defendant to the extent permitted by the Fourteenth Amendment of the United States Constitution. N.J. Sup. Ct. R. 4:4-4(c)(1); see DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 294 (3d Cir.), cert. denied, 454 U.S. 1085 (1981).

The due process protection of the Fourteenth Amendment permits a federal court to exercise personal jurisdiction over a nonresident of the forum only when a two-prong test is satisfied.

First, the defendant must have made sufficient "minimum contacts" with the forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (stating that the constitutional touchstone of personal jurisdiction is "whether the defendant purposefully established 'minimum contacts' in the forum State").  The existence of minimum contacts is determined through of "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).  There must be

9

"some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).  These contacts must be of such nature that the individual nonresident defendant "should reasonably anticipate being haled into court there."  Burger King, 471 U.S. at 474; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  The minimum contact prong is a "fair warning" requirement, and it is satisfied if the defendant has "purposefully directed" his activities toward residents of the forum State, and the litigation results from alleged injuries that "arise out of or relate to" those activities.  Burger King, 471 U.S. at 472.

Second, if plaintiff demonstrates sufficient minimum contacts, jurisdiction may be exercised when the court determines, that subjecting the defendant to the court's jurisdiction would comport with traditional notions of "fair play and substantial justice."  Mellon Bank, 960 F.2d at 1222 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Once minimum contacts are established, the burden rests with the defendant to show that jurisdiction would be unreasonable.  Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 483 (3d Cir. 1993).

A court may exercise either "general" or "specific" personal jurisdiction over a defendant.  A defendant may be subjected to general jurisdiction when the plaintiff's cause of action arises from the defendant's non-forum related activities, and the defendant has maintained "continuous and systematic" contacts with the forum state.  Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products, 75 F.3d 147, 151 (3d Cir. 1996) (citation omitted); Burger King, 471 U.S. at 473 n. 15.

A defendant may be subjected to specific jurisdiction "when the cause of action arises from the defendant's forum related activities, such that the defendant should reasonably anticipate being haled into court there."  Vetrotex, 75 F.3d at 151. "Specific jurisdiction is established when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities."  General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (quoting Burger King, 471 U.S. at 472). Questions of specific jurisdiction are properly tied to the particular claim asserted.

In a contract case, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach.  Id. at 150.

11

"Parties who 'reach out beyond their state and create continuing relationships and obligations with citizens of another state" are subject to the regulations of their activity in that undertaking.'"   Id. (quoting Burger King, 471 U.S. at 473).

In a torts case, such as the conversion alleged here, courts apply the "effects test" articulated by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1984); see IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998) (adopting Calder "effects" test in a tortious interference case).  "Under the effects test, a court may exercise personal jurisdiction over a nonresident defendant who acts outside the forum state to cause an effect upon the plaintiff within the forum state."  Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 148 (3d Cir. 1992).  The Third Circuit has developed three prongs for the Calder "effects test": First, the defendant must have committed an intentional tort.  Second, the plaintiff must have felt the brunt of the harm caused by the tort in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort.  Third, the defendant must have expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of tortious activity.  IMO Industries, 155 F.3d at 265.

**B.   Plaintiff's Arguments for Personal Jurisdiction**

In opposition to the motion to dismiss, Flagship offers no facts or arguments suggesting that Artone has maintained contact with New Jersey that could be deemed as "continuous and substantial," Provident Nat'l Bank, 819 F.2d at 437, thus implicitly conceding that this Court lacks general jurisdiction over Artone.  Instead, Flagship argues that this Court's exercise of specific jurisdiction over Artone is appropriate because Artone purposefully directed its activities at Flagship, and because the litigation arose out of and related to those activities.  (Pl. Br. at 6.)

Flagship presents two theories to support the Court's specific personal jurisdiction over Artone: (1) Artone sought to solicit business from Flagship; (2) Artone has stepped into the shoes of Philadelphia Furniture as a successor or alter ego of Philadelphia.  To substantiate these assertions, Flagship submitted affidavits of two of its employees, detailing the contacts they had with Artone.  Flagship argues that, through the direct solicitation of business from Flagship, Artone purposefully directed its activities at Flagship, a resident of the forum state.  Flagship also argues that, by conducting collection activities for Philadelphia Furniture and by seeking

13

to fulfill the order which Flagship had placed to Philadelphia
Furniture, Artone sought to step into the place of Philadelphia
Furniture, thus availed itself of the rights of Philadelphia
Furniture under its contract.  Although less well developed in
the present motion papers, Flagship also appears to assert that
Artone is the corporate successor of Philadelphia Furniture as
Artone has succeeded to Philadelphia Furniture's assets and
liabilities and has at all relevant times had common ownership
with Philadelphia Furniture through Michael Calimieri and Joe
Cipriano, such that Philadelphia Furniture's contacts with New
Jersey should also be attributed to its successor, Artone
Manufacturing Co., Inc., with respect to the present transaction.

### C.   Defendant's Arguments for Lack of Personal Jurisdiction

Defendant Artone first argues against this Court's lack of
general jurisdiction over it, and Flagship concedes this point,
as noted above.

Artone next argues that its contacts with Flagship were not
sufficiently related to Flagship's claims to justify specific
jurisdiction.  Artone posits that the claims of Flagship arose
from the contract between Flagship and Philadelphia Furniture.
Because Artone was not a party to that contract, and because
Artone's contacts with Flagship occurred after the communication

14

by Philadelphia Furniture that it could not fulfill the contract, Artone did not have forum-related activities in New Jersey which formed the basis of Flagship's injuries.

In their Reply Brief, Artone further denies that Calimieri's telephone calls and the price quote transmitted to Flagship by Artone are not connected to the Flagship's contract with and the deposit paid by Flagship to Philadelphia Furniture.

Artone emphasizes that no harm resulted from its contacts with Flagship.  Because Flagship rejected Artone's price quote, Artone contends that no contract was formed, and no harm resulted from Artone's contacts with Flagship in February 2009.  Artone also argues that Flagship was not harmed by the April 2009 telephone call requesting a payment on a receivable owed to Philadelphia Furniture in the amount of $1,793.50 because Flagship refused to make the payment as requested.

**D.   Personal Jurisdiction Over Defendant Artone**

The Court finds, for the reasons expressed below, that Plaintiff has set forth sufficient facts to support exercise of personal jurisdiction over Defendant Artone at this stage. Plaintiff has offered a prima facie showing that Defendant Artone is the successor in liability or an alter ego of Philadelphia Furniture.  Considered cumulatively, Artone and Philadelphia

15

Furniture have purposefully availed themselves of the benefits of New Jersey and so it would be fair to subject Defendant Artone to personal jurisdiction in this state with respect to the transactions at issue.  Plaintiff has alleged a scheme by two interrelated businesses to breach contractual obligations and convert Plaintiff's funds and the Court need not parse too finely the allegations on this motion to dismiss for lack of personal jurisdiction.  The central inquiry is whether Plaintiff has met its burden of demonstrating that this Court may exercise specific personal jurisdiction over Artone because the latter has purposefully directed its activities at Plaintiff in New Jersey, and the injury complained of arises from or is related to these activities under the above well-settled legal principles.

As set forth above, Philadelphia Furniture and Artone are owned and run by the same individuals, Michael Calimieri and Joseph Caprino, allegedly through an entity called Artone Holdings, LLC.  Calimieri and Caprino, acting on behalf of both Philadelphia Furniture and Artone, allegedly refused to comply with the terms of Plaintiff's contract and to return Plaintiff's deposit and simultaneously sought to enter a "new" contract for the same furniture, this time in the name of Defendant Artone. Calimieri and Caprino are not the only individuals who wear both Philadelphia Furniture and Artone hats.  Fran Selesky, a

16

representative of both Philadelphia Furniture and Artone, was the first person to inform Plaintiff about Philadelphia's alleged troubles.  Bob Nordin, though an Artone employee, sought to collect on an open invoice for Philadelphia Furniture. Plaintiff's facts, if assumed to be true, establish that there was no actual distinction between Philadelphia Furniture and Artone; they were run by and employed the same people, they sold the same furniture, they sought to enforce the same contractual obligations, and they asserted rights over the assets of the other.

These facts give rise to two bases for personal jurisdiction that consider the contacts of both Phildelphia Furniture and Artone: successor liability and alter ego.  A successor corporation may be responsible for the liabilities of its predecessor in various circumstances where "(1) the purchasing corporation expressly or impliedly agreed to assume such debts and liabilities; (2) the transaction amounts to a consolidation or merger of the seller and purchaser; (3) the purchasing corporation is merely a continuation of the selling corporation, or (4) the transaction is entered into fraudulently in order to escape responsibility for such debts and liabilities."[5] Ramirez

---

[5] Ramirez also added a fifth ground of successor liability for strict products liability cases where the manufacturer

17

v. Amsted Industries, Inc., 431 A.2d 811, 815 (N.J. 1981).  The
Third Circuit has recognized "that the jurisdictional contacts of
a predecessor corporation may be imputed to its successor
corporation without offending due process."  In re Nazi Era Cases
Against German Defendants Litigation, 153 F. App'x 819, 825 (3d
Cir. 2005); American Estates Wines, Inc. v. Kreglinger Wine
Estates Pty, Ltd., John Does 1-10, No. 07-2474, 2008 WL 819993,
at *5 (D.N.J. Mar. 25, 2008) (Greenaway, J.); see Hyams v.
Halifax PLC, No. MON-L-2365-03, 2005 WL 3441230, at *7 (N.J.
Super. Ct. App. Div. Dec. 16, 2005) (predecessor's minimum
contacts sufficient to establish personal jurisdiction over
successor).

The Court finds that Plaintiff has set forth sufficient
facts to suggest that Artone is the successor to Philadelphia
Furniture, through a de facto merger in which Artone has taken
over Philadelphia's business, continuing to enforce
Philadelphia's contracts and taking Philadelphia's former
clients.  Plaintiff has also established a prima facie case that
Artone and Philadelphia, through their joint owners Calimieri and
Caprino, have engaged in a fraudulent transaction in order to

---

continued to produce the line of products that caused the injury.
Colman v. Fisher-Price, Inc., 954 F. Supp. 835, 838 (D.N.J.
1996).

avoid Philadelphia Furniture's liabilities, while passing on Philadelphia Furniture's assets (including the receivables or other benefits of Philadelphia's contracts) to Artone.  Because the precise relationship between Philadelphia Furniture and Artone is in dispute, the Court will permit Plaintiff to engage in jurisdictional discovery on this issue.[6]  See Metcalfe, 566 F.3d at 336 ("We have explained that if the plaintiff's claim is not clearly frivolous as to the basis for personal jurisdiction, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden.") (internal citation omitted).  For the purposes of this motion, however, Plaintiff has presented sufficient facts to support a finding that Artone was the jurisdictional successor to Philadelphia Furniture.  As the successor to Philadelphia Furniture, Artone can appropriately be held responsible for Philadelphia Furniture's contacts with Plaintiff, especially in light of their common ownership.  See In re Nazi Era Cases, 153 F. App'x at 825.

In addition, Plaintiff has set forth a prima facie showing

---

[6] In light of the Court's decision to dismiss Plaintiff's claims against Artone without prejudice, see Part IV.B, jurisdictional discovery will only be necessary should Plaintiff successfully amend its complaint to state a claim against Artone, in the event Artone renews its jurisdictional motion under Rule 12(b)(2) as addressed to the amended complaint.

that Philadelphia Furniture and Artone are not separate entities
and that Artone can be considered an "alter ego" of Philadelphia
Furniture with respect to these transactions with Flagship.
"[W]here appropriate, courts of New Jersey have looked beyond the
corporate form to the functional reality behind it" for the
purpose of determining personal jurisdiction.  Star Video Entm't,
L.P. v. Video USA Assocs. 1 L.P., 601 A.2d 724, 727 (N.J. Super.
Ct. App. Div. 1992).  The alter ego theory is applicable where
one entity dominates another so that they can be considered a
cohesive economic unit.  State Dep't of Envtl. Prot. v. Ventron
Corp., 468 A.2d 150, 164 (N.J. 1983).  Plaintiff's facts show
that Artone and Philadelphia share not just owners, but also
employees and representatives, and they enforce each other's
contracts.  These facts are enough to meet Plaintiff's burden on
this motion and to justify jurisdictional discovery.

    The Court finds that the contacts of Philadelphia Furniture
and Artone together are certainly sufficient to establish that
Artone purposefully directed its activities at Plaintiff and that
Plaintiff's injuries arose from those activities.  As to
Plaintiff's breach of contract claim, Philadelphia and Plaintiff
signed at least two contracts (the contract at issue and the
contract on which Artone attempted to collect) to provide
furniture to New Jersey, to be used to furnish property in New

Jersey.  Philadelphia demanded, and received, a deposit of approximately $75,000, from Plaintiff in New Jersey. Philadelphia and Artone, through Selesky, contacted Plaintiff in New Jersey about Philadelphia Furniture's closing, and then Artone, through Calimieri, again reached out to Plaintiff in New Jersey, via e-mail, to offer new terms to essentially the same contract for furniture.  The contacts by Philadelphia Furniture and Artone were instrumental in both the formation of a contract to supply goods to New Jersey to be used in New Jersey residential property and key to the breach of that contract, through Philadelphia and Artone's repeated refusal to comply with the contract and Artone's attempt to alter the contract.  Artone has reached beyond New York and, through a series of purposeful contacts in the form of telephone calls, e-mail, and mail (or fascimile), creating a continuing relationship and obligations with Plaintiff, a citizen of New Jersey, and so this Court will not hesistate to excercise personal jurisdiction at this stage. See General Elec. Co., 270 F.3d at 150 ("Parties who reach out beyond their state and create continuing relationships and obligations with citizens of another state are subject to the regulations of their activity in that undertaking."); Grand Entm't Group, 988 F.2d at 482 ("Mail and telephone communications sent by the defendant into the forum may count toward the minimum

contacts that support jurisdiction.").

As to Plaintiff's claim for conversion, Plaintiff has felt the harm in New Jersey and Artone and Philadelphia Furniture expressly aimed their allegedly tortious conduct at New Jersey, by sending their solicitation for the deposit to New Jersey and refusing to return the money to New Jersey.  The Court will therefore exercise personal jurisdiction over Plaintiff's tort claim.  See IMO Industries, 155 F.3d at 256.

The Court has found that Plaintiff has met its burden of establishing a prima facie case of personal jurisdiction over both its breach of contract claim and its tort claim against Defendant Artone.  The Court further finds that Artone has offered no evidence to suggest that it would be unfair or unreasonable to litigate this case in a neighbor state.  See Grand Entm't Group, 988 F.2d at 483 ("Once the plaintiff has made out a prima facie case of minimum contacts, as here, the defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.") (internal citations omitted).  The Court will therefore deny Plaintiff's motion to dismiss for lack of personal jurisdiction.

22

**E.   Merits**

As reflected above, Plaintiff may have a colorable claim against Defendant Artone for breach of contract, even though Artone is not a signatory to the furniture contract, see Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005) (noting various methods to enforce a contract against a non-signatory, including incorporation by reference, assumption, agency, veil piercing/alter ego, and estoppel), Pargman v. Maguth, 64 A.2d 456, 459 (N.J. Super. Ct. App. Div. 1949) (holding that an assignee of a contract can expressly or impliedly assume liability under that contract), and for conversion, given the asserted relationship between Artone and Philadelphia Furniture.  Plaintiff's complaint, however, does not include any allegations outlining the relationship between these two defendants.  Instead, Plaintiff refers to all defendants collectively, alleging that Plaintiff entered into a contract with all defendants and gave its deposit to all defendants. These allegations are contradicted by the exhibits attached to the complaint, which suggest that Plaintiff's contract was only with Philadelphia Furniture and further that Plaintiff gave the deposit only to Philadelphia Furniture.  (Compl. Exh. A.)  See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 n.8 (3d Cir. 1994) ("Where there is a disparity between a written instrument annexed

23

to a pleading and an allegation in the pleading based thereon, the written instrument will control.").

Looking only at the allegations in the complaint and the documents attached to the complaint, as the Court must pursuant to Rule 12(b)(6), Plaintiff has failed to allege that Artone has contractual obligations to Plaintiff or that Artone has unlawfully retained Plaintiff's deposit.  The facts that support these claims against Artone are in Plaintiff's various affidavits submitted with their opposition to Defendant's motion, and the Court may not consider them as part of the present complaint. See Lum, 361 F.3d at 222 n.3 ("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").  The Court will grant Defendant Artone's motion to dismiss for failure to state a claim, but will dismiss Plaintiff's claims against Artone without prejudice to Plaintiff moving to amend its complaint to include allegations that support a claim for breach of contract and conversion against Defendant Artone in particular.[7]  See Fed. R. Civ. P. 15(a)(2)("The court

---

[7] Plaintiff may also seek leave to add additional parties, given its assertions regarding the defendants' corporate structure.

24

should freely give leave [to amend] when justice so requires.")

Plaintiff will have thirty (30) days to file a motion to amend to properly state a claim or claims against Artone consistent with the foregoing.[8]

## V.  Conclusion

For the foregoing reasons, Defendant, Artone Manufacturing Co., Inc.'s motion to dismiss for lack of personal jurisdiction is denied and its motion to dismiss for failure to state a claim is granted without prejudice.  Plaintiff's claims against Defendant Artone are dismissed without prejudice to Plaintiff moving to amend its complaint within thirty (30) days of the entry of this Order to include specific factual allegations that set forth claims for breach of contract and/or conversion against Defendant Artone in particular.  The accompanying Order shall be entered.


 March 22, 2010                      s/ Jerome B. Simandle
Date                                JEROME B. SIMANDLE
                                    United States District Judge

---

[8] As noted above in n. 6, if Plaintiff is granted leave to amend, Artone may renew its motion for jurisdictional dismissal if the test for specific jurisdiction cannot be met in connection to any well-pled claim in the amended complaint.  Plaintiff's opportunity to obtain further jurisdictional discovery in that event is preserved.

25